UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN TATE

VERSUS

WARDEN MICHELLE DAUZAT

CIVIL ACTION

NO. 25-1400

SECTION M (2)

## ORDER & REASONS

Before the Court is petitioner Steven Tate's motion[1] to alter or amend the judgment of this Court against him and in favor of respondent, Warden Michelle Dauzat, issued after this Court adopted the magistrate judge's report and recommendation ("R&R") without objection.  Dauzat responds in opposition to Tate's motion to alter or amend judgment,[2] and Tate replies in further support of his motion.[3]  Having reviewed Tate's habeas petition, the magistrate judge's R&R, the parties' memoranda on the motion to alter or amend judgment, the record, and the applicable law, the Court determines that a review of the merits of Tate's objections to the R&R is appropriate. Having now reviewed the objections, the Court finds that the magistrate judge's R&R correctly and comprehensively assessed the claims raised in Tate's habeas petition and, accordingly, overrules Tate's objections to the R&R and denies the motion to alter or amend judgment. However, the Court will, on its own motion, issue an amended judgment to clarify the record.

## I.    BACKGROUND

This action arises from Tate's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[4]  He seeks relief from the life sentence he received after being convicted of second-degree

---

[1] R. Doc. 31.
[2] R. Doc. 39.
[3] R. Doc. 40.
[4] R. Doc. 4.

murder following a three-day jury trial in the 24th Judicial District Court in Jefferson Parish. Tate maintains his innocence, asserting that he acted in self-defense on the night of the victim's death.[5] The magistrate judge's R&R provides a thorough summary of the facts established at trial.[6]

Tate's petition claims that he is entitled to habeas relief on two grounds: (1) ineffective assistance of counsel, due to his counsel's "[f]ailure to present exculpatory evidence or effectively cross examine [the] state[']s expert witness";[7] and (2) a violation of his due process and equal protection rights under the Fourteenth Amendment of the U.S. Constitution, on the grounds that he "was not afforded an evidentiary hearing on his claim of ineffective assistance of counsel, despite repeated requests, thereby preventing [him] from presenting exculpatory scientific evidence and developing the state court record."[8]

After Tate filed his petition, Dauzat responded,[9] and Tate filed a reply.[10] Upon considering the parties' briefing, the magistrate judge issued an R&R on December 17, 2025, recommending that Tate's habeas petition be denied and dismissed with prejudice.[11] In the R&R, the magistrate judge expressly cautioned that any objections to the R&R must be filed within fourteen days of the date the party is served with a copy.[12] This Court adopted the R&R and entered judgment against Tate on January 7, 2026, having received no objections by that date despite waiting an additional week to allow for any delay in the processing of a prisoner's mail.[13]

---

[5] R. Doc. 10 at 3.
[6] R. Doc. 25 at 2-7.
[7] R. Doc. 4 at 5.
[8] *Id.* at 7.
[9] R. Doc. 17.
[10] R. Doc. 24.
[11] R. Doc. 25 at 28-29.
[12] *Id.* at 29.
[13] R. Docs. 26 (order adopting R&R); 27 (judgment against Tate and in favor of Dauzat).

On January 15, 2026, Tate filed objections to the R&R.[14]  On January 20, 2026, Tate filed another set of objections to the R&R that were identical to his January 15th objections.[15]  On February 10, 2026, Tate moved to alter or amend this Court's January 7, 2026 judgment pursuant to Federal Rule of Civil Procedure 59(e).[16]

## II.    LAW & ANALYSIS

As noted, Tate is proceeding *pro se*.  A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted).  Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law.  *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)).  "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there." *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing  *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

### A.  Timeliness of Tate's Objections

The magistrate judge's R&R was issued on December 17, 2025.[17]  Objections to the magistrate judge's R&R were due fourteen days after the parties were served with copies of the R&R.[18]  On January 7, 2026, twenty days after the R&R was issued, this Court, having received

---

[14] R. Doc. 29.
[15] R. Doc. 30.
[16] R. Doc. 31.
[17] R. Doc. 25.
[18] *Id.* at 29.

no objections from either party, adopted the R&R as its opinion in the case[19] and entered judgment[20] against Tate on his habeas petition.

Tate's objections were docketed on January 15, 2026.[21] An identical copy of his objections was docketed on January 20.[22] Then, on February 10, 2026, Tate moved to alter or amend the Court's judgment.[23] His motion contains an affidavit from Ryan Kimble, Assistant Warden of David Wade Correctional Center ("DWCC"), where Tate is currently serving his sentence.[24] The affidavit states that mail from this Court received on December 22 was not given to Tate until December 29, 2025, as the result of a holiday shutdown in the correctional facility's mailroom.[25]

Because Tate was not actually provided the magistrate judge's R&R until December 29, 2025, the Court finds that his objections were not due to be filed earlier than January 12, 2026. Tate, in his objections, certifies that the objections were given to a DWCC officer for mailing on January 12, 2026.[26] Because "a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system," *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011)), Tate's objections were filed within fourteen days after he was effectively served with the R&R.

Therefore, it would contravene basic principles of fairness to dismiss Tate's objections as untimely or fail to consider their merits. As a result, the Court will vacate its order[27] adopting the R&R, and it will address the merits of Tate's objections. *See Galliano v. Lafourche Par.*, 2021

---

[19] R. Doc. 26.
[20] R. Doc. 27.
[21] R. Doc. 29.
[22] R. Doc. 30.
[23] R. Doc. 31.
[24] R. Doc. 31-1 at 1.
[25] *Id.*
[26] R. Doc. 29 at 22.
[27] R. Doc. 26.

WL 7540370 (E.D. La. Oct. 19, 2021), at *1; *Stewart v. FBOP*, 2020 WL 3857691 (W.D. La. July 7, 2020), at *1.

## B. Merits of Tate's Objections

Tate makes five objections to the magistrate judge's R&R. Dauzat generally responds that Tate's objections are unfounded.[28] Tate's reply reurges the contentions made in his objections.[29] The Court will consider each of Tate's objections in turn.

### 1. Objection 1

Tate first objects to the magistrate judge's characterization of his grounds for relief. He advances arguments related to both grounds of relief he asserts in his habeas petition.

With respect to the first ground for relief asserted in his habeas petition, his ineffective-assistance-of-counsel claim, Tate argues that the magistrate judge "depicts [his] ineffective assistance of trial counsel claim as asserting that counsel was ineffective for failing to 'effectively cross-examine the state's expert witnesses.'"[30] He says the magistrate judge did not address his actual claim – namely, that the Louisiana supreme court's application of the *Strickland* standard was unreasonable.[31]

The magistrate judge, in her R&R, stated that Tate's first ground for relief "alleges that he received ineffective assistance of counsel when his trial counsel failed to effectively cross-examine the state's expert witnesses."[32] That language is nearly identical to the language Tate uses in his federal habeas petition,[33] so the Court does not agree that the magistrate judge mischaracterized

---

[28] R. Doc. 39 at 4-5.
[29] *See generally* R. Doc. 40.
[30] R. Doc. 29 at 2 (quoting R. Doc. 25 at 22).
[31] *Id.*
[32] R. Doc. 25 at 22.
[33] *See* R. Doc. 4 at 5 (explaining that Tate's first ground for relief is "Ineffective Assistance of Counsel: Failure to present exculpatory evidence or effectively cross examine states [*sic*] expert witness").

that claim.  Further, the magistrate judge, after a careful and thorough review of Tate's ineffective-assistance-of-counsel claim, concluded that

> Tate has failed to meet either prong of the *Strickland* standard or establish an error in the state courts' conclusions under *Strickland* in denying relief on his claims of ineffective assistance of counsel. Tate, therefore, has not established that the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court law.[34]

It is plain, then, that despite Tate's contentions, the magistrate judge *did* consider whether the Louisiana supreme court's application of *Strickland* was reasonable.  Thus, the Court finds that the magistrate judge correctly characterized Tate's first ground for relief and considered the merits of such ground for relief.  Further, for the reasons stated herein and for the reasons given in the R&R, the Court finds that the magistrate judge's conclusion as to this ground is sound.

As the second ground for relief, Tate's habeas petition asserts a violation of the due process and equal protection clauses of the Fourteenth Amendment.[35]  He says that he "was not afforded an evidentiary hearing on his claim of ineffective assistance of counsel, despite repeated requests, thereby preventing [him] from presenting exculpatory scientific evidence and developing the state court record.  … [He] could only request an evidentiary hearing."[36]

Tate argues as a part of his first objection that the magistrate judge also mischaracterized his claim under the due process clause.[37]  He says that his "actual claim for relief … is that the *procedural regime* employed by the state to adjudicate his constitutional claims denied him a full and fair hearing of his constitutional claims."[38]  However, the Court finds that the magistrate judge properly characterized and considered Tate's due process claim.  In characterizing the claim, the

---

[34] R. Doc. 25 at 27-28.
[35] R. Doc. 4 at 7.
[36] *Id.*
[37] R. Doc. 29 at 2-3.
[38] *Id.* (emphasis in original).

magistrate judge stated that "Tate argues the state courts violated due process by dismissing his state post-conviction claims without an evidentiary hearing."[39]  The Court finds no substantive difference in the magistrate judge's characterization of the claim and Tate's characterization of the claim in his petition[40] and his objection.  Further, after careful review of applicable law, the magistrate judge correctly determined that Tate's stated claim was not a cognizable federal habeas claim because it was an attack on the validity of state habeas corpus proceedings.[41]  *See Brown v. Thaler*, 455 F. App'x 401, 406 n.11 (5th Cir. 2011) ("'[I]nfirmities in state habeas proceedings are not proper grounds for federal habeas relief.'" (alteration in original) (quoting *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001))).  As a result, the second argument Tate asserts in connection with his first objection is also without merit.  Tate's first objection is thus overruled.

### 2.  Objection 2

In his second objection, Tate claims that the R&R should not be adopted because the magistrate judge's findings and conclusions contain material factual inaccuracies and legal errors.[42]  Specifically, Tate objects to the magistrate judge's finding that, with respect to Tate's claim of ineffective assistance of counsel regarding his trial counsel's cross-examination of Dr. Tim Scanlan, one of the state's expert witnesses at his trial, "Tate diligently pursued and fully developed his claim in the state courts."[43]  Tate provides two reasons that such finding was erroneous: (1) because, on direct appeal, the claim was adjudicated by the state court based on an insufficient record, and he was not provided counsel to litigate his claim for post-conviction

---

[39] R. Doc. 25 at 28.
[40] *See* R. Doc. 4 at 7 (explaining that Tate's second ground for relief is that "[he] was not afforded an evidentiary hearing on his claim of ineffective assistance of counsel, despite repeated requests, thereby preventing [him] from presenting exculpatory scientific evidence and developing the state court record").
[41] R. Doc. 25 at 8.
[42] R. Doc. 29 at 3.
[43] R. Docs. 29 at 3-4 (Tate's objection); 25 at 16 (magistrate judge's R&R).

relief;[44] and (2) because there is scientific evidence that his trial counsel failed to present to the jury, and which has not yet been presented at an evidentiary hearing, consistent with Tate's assertion that his actions were in self-defense.[45]

Under 28 U.S.C. § 2254(e)(2), the magistrate judge's finding that Tate diligently pursued and fully developed his claim in state court works in favor of obtaining an evidentiary hearing, but it does not guarantee one. *See* 28 U.S.C. § 2254(e)(2) (providing that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing" except in limited circumstances). Even though the magistrate judge concluded that Tate diligently pursued his claim in state court, she ultimately determined that an evidentiary hearing was not required because "the record does not support Tate's claims and does not establish his entitlement to any federal habeas relief."[46] Therefore, because the magistrate judge's finding was actually favorable to the petitioner and, in any event, did not affect the outcome of the R&R, the Court will overrule Tate's second objection.

### 3. Objection 3

Third, Tate objects to the magistrate judge's conclusion that argument was not required on his ineffective-assistance-of-counsel claim because the claim lacked merit.[47] He says that, under *Francis v. Henderson*, 425 U.S. 536 (1976), the magistrate judge was precluded from reviewing the merits of the claim, and under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), he "should [now] be allowed an opportunity to establish cause and prejudice."[48] Tate further urges that his case is identical to *Draughon v. Dretke*, 427 F.3d 286 (5th Cir. 2005), a

---

[44] R. Doc. 29 at 3-4.
[45] *Id.* at 4-6.
[46] R. Doc. 25 at 16.
[47] R. Doc. 29 at 6-10.
[48] *Id.* at 6-7.

case in which the Fifth Circuit held that a defendant's trial counsel was ineffective for failing to investigate the forensics of a bullet.[49]  The Court finds no support for Tate's contentions in the cases he cites.  Specifically, *Draughon* is distinguishable because, unlike the defendant in that case, Tate testified in his own defense, so he could (and did) contradict the state's expert testimony at trial.  *Id.* at 295-96.  Further, after a review of the habeas petition and the record, the Court agrees with the magistrate judge that Tate's ineffective-assistance-of-counsel claim with respect to his trial counsel's cross-examination of Dr. Scanlan is conjectural and fails to meet the *Strickland* standard because "[h]e offers only self-serving, speculative, and conclusory allegations that a different set of cross-examination questions asked to the state's experts by trial counsel would have better discredited the state's evidence and witness testimony."[50]  As the magistrate judge observed, the jury heard and weighed the testimony.  The evidence Tate now wishes to present – the path of the bullet through the victim's body – would have been just another piece of evidence the jury could have considered against the state's case.  It does not amount to proof of Tate's innocence.  As a result, Tate's third objection is overruled.

### 4.  Objection 4

Tate's fourth objection is directed to the magistrate judge's finding that his allegations related to his claim of ineffective assistance of counsel for the cross-examination of Dr. Scanlan are "speculative" and "conclusory," and repeats his contention that the magistrate judge mischaracterized his claim.[51]  He also objects to the magistrate judge's conclusion that, on this claim, Tate failed to meet the *Strickland* standard.[52]  The Court has already found that the magistrate judge properly characterized Tate's claims for relief.  In addition, as previously stated,

---

[49] *Id.* at 9-10.
[50] R. Doc. 25 at 27.
[51] R. Doc. 29 at 10-17.
[52] *Id.*

the Court agrees with the magistrate judge's sound conclusion on the merits of his ineffective-assistance-of-counsel claim.  As a result, Tate's fourth objection is overruled.

### 5. Objection 5

Fifth, Tate "objects to the magistrate's framing of [his] due process claim as asserting that [he] was denied due process solely because the state court's [*sic*] dismissed [his] constitutional claims without a hearing,"[53] and he "further objects to the magistrate's finding that the dismissal of his constitutional claims without a hearing is not a cognizable federal habeas claim."[54]  The Court has already found that the magistrate judge properly framed Tate's due process claim as he presented it in his petition.  Further, as the Court has explained, the magistrate judge correctly determined that, because it was an attack on the validity of state habeas corpus proceedings, Tate's stated due process claim was not a cognizable federal habeas claim.  As a result, Tate's fifth objection is overruled.

### C. Tate's Motion to Alter or Amend Judgment

Tate's motion requests that this Court alter or amend the judgment adopting the R&R to enter judgment in his favor.[55]  In the alternative, Tate asks this Court to grant him an evidentiary hearing on his claim.[56]

Tate's motion is made pursuant to Rule 59(e).  "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  Under the rule, a movant must show that relief is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest

---

[53] *Id.* at 17.
[54] *Id.*
[55] R. Doc. 31 at 6-7.
[56] *Id.*

injustice; or (4) to address an intervening change in the controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."). In deciding the outcome of a Rule 59(e) motion, the court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). And while a district court has considerable discretion to grant or deny a Rule 59(e) motion, the grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Insofar as Tate asks this Court to alter or amend the judgment to grant his habeas petition, Tate has not shown he is entitled to relief for this request under Rule 59(e). The Court acknowledges that, when it adopted the magistrate judge's R&R without objection, it was unaware that the prison mailroom was shut down for a holiday break. However, having considered Tate's objections and finding them to be without merit, the Court has determined that it would have adopted the magistrate judge's R&R as its own opinion even if it had received Tate's objections before rendering its order and judgment. As a result, Tate has made no showing that he is entitled to the relief he requests from this Court's January 7, 2026 judgment on the basis of a manifest error

11

of law or fact, newly discovered or previously unavailable evidence, a manifest injustice, or an intervening change in the controlling law.

Tate alternatively requests that the Court grant an evidentiary hearing on his habeas petition.[57]  Though his motion is made under Rule 59(e), the Court will construe Tate's alternative request for an evidentiary hearing as one under Rule 60(b), as it would require this Court to reopen his case.  *See Wassouf v. Joilcoeur*, 422 F. App'x 331, 332 (5th Cir. 2011) (construing a party's motion to reopen the case as a motion under Rule 60(b)).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"  *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).  Those limited circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable.  Even then, 'extraordinary circumstances' must justify reopening."  *Kemp*, 596 U.S. at 533 (internal citation omitted).  "'The decision to grant or deny relief under Rule 60(b) lies

---

[57] *Id.*

within the sound discretion of the district court and will be reversed only for abuse of that discretion.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (alteration omitted) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996)).

The Court finds that the bases for reopening a case listed in Rules 60(b)(1) through (b)(5) are inapplicable in this case.  And relief under Rule 60(b)(6)'s catchall provision, like Rule 59(e), requires a showing of "manifest injustice."  This Court, after reviewing the habeas petition and briefing, the record, and the applicable law, has concluded that the magistrate judge correctly determined there was no need for an evidentiary hearing.  As a result, there is no "manifest injustice" in the magistrate judge's denial of an evidentiary hearing on Tate's claim.  Therefore, Tate's Rule 60(b) motion to reopen the case fails.

Finally, although Tate did not establish that he was entitled to the relief he requested under Rule 59(e) or Rule 60(b), the Court will, on its own motion, amend the judgment to clarify that the Court has considered the merits of Tate's objections and found that Tate's objections do not demonstrate error in the findings or analysis set out in the magistrate judge's R&R.

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Court's order (R. Doc. 26) adopting the magistrate judge's R&R without objection is VACATED.

IT IS FURTHER ORDERED that Tate's motion to alter or amend judgment (R. Doc. 31) is DENIED.

IT IS FURTHER ORDERED that, having now found Tate's objections to be without merit, the Court again adopts the magistrate judge's R&R (R. Doc. 25) as its opinion in this matter.

13

IT IS FURTHER ORDERED that Tate's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 11th day of May, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE